Ward C. Oille and Albert E. McKean, Respondents, v. C. Julia Rodger and Alfred D. Lewis, as Administrators, etc., of William C. Rodger, Deceased, Appellants.— Judgment reversed and new trial ordered, with costs to the appellant to abide event, on opinion of this court in *Tindle* v. *Birkett* (57 App. Div. 450). All concurred.

Patrick Haney, Respondent, v. Frank W. Knapp, as Executor, etc., of Patrick Haney, Deceased, Appellant.— Judgment affirmed, with costs, upon opinion of this court in *Healy* v. *Healy* (55 App. Div. 315). All concurred.

The People of the State of New York ex rel. Oscar C. Palmer, Respondent, v. William Fries and Others, Appellants.— For the reason that the record in this case contains no decision within the rule laid down in *Village of Palmyra* v. *Wynkoop* (53 Hun, 82), and for the further reason that the case apparently presents an abstract question only, the term of office in question having expired, the court declines to consider this case. All concurred.

Daniel B. Thurston, Respondent, v. The Town of Annsville, Appellant.— Judgment and order affirmed, with costs. All concurred.

Charles Gross, Plaintiff, v. Jacob F. Schoellkopf, Defendant.— Motion for leave to appeal to the Court of Appeals denied, with ten dollars costs. All concurred.

In the Matter of the Estate of William Crabtree, Deceased.— Motion for reargument denied, with ten dollars costs. All concurred.

The People of the State of New York, Plaintiff, v. Matthew Wiard, Defendant.— Plaintiff's exceptions overruled, motion denied and judgment ordered for the defendant on the verdict, with costs. *Held*, that the analysis of a sample of milk taken from only part of the product delivered by the producer at any one time to a single purchaser will not afford a basis for an action for a penalty under the Agricultural Law (Laws of 1893, chap. 338). All concurred, except McLennan, J., who dissented upon the ground that, under the Agricultural Law, which provides for making a chemical analysis of a sample of milk delivered by a producer as one step in determining whether such milk has been adulterated, it is not necessary to mix all the milk delivered at one time by the producer, and take a sample for such analysis from the whole, in order to make such analysis the basis of an action to recover the penalty fixed by the statute; but the analysis of a sample taken from a single can or package may be made the basis of such an action, provided only that the sample so taken from such single can or package shall be a fair sample. Whether or not the sample taken and analyzed in this case was a fair sample was a question of fact which should have been submitted to the jury.

[In] the Matter of the Application of Sidney H. Woodruff for the Removal, etc., of Everard C. Denison, etc.— Motion for restitution granted, with ten dollars costs, to be paid by Sidney H. Woodruff to the petitioning tenants, providing the petitioning tenants, upon being let into possession of the premises, pay to their landlord, or his attorney, $166.66 for rent for the month of May, 1900, and also a like sum for payment in advance of the first month's rent after their restitution to possession, unless the appellant, Sidney H. Woodruff, within ten days hereof gives an undertaking to said tenants in a penalty of $2,000, to be approved by a justice of the Supreme Court in the eighth judicial district, conditioned to pay any damages which may be recovered by said tenants, or their assigns, by reason of their eviction from said premises and being kept out of the possession thereof by said Woodruff, in which case the motion for restitution is denied, without costs. All concurred.

The Buffalo German Insurance Company, Respondent, v. Third National Bank of Buffalo, Appellant.— Judgment affirmed, with costs. All concurred.

John A. Reynolds, Plaintiff, v. Maurice Leyden and Others, Defendants.—Plaintiff's exceptions overruled and motion for new trial denied and judgment ordered on the verdict, with costs of the trial and of this appeal. All concurred. except Adams, P. J., not voting.

Ceilam N. Spitzer and Adelbert L. Spitzer, Appellants, v. The Village of Fulton, Respondent.— Judgment affirmed, with costs. All concurred.

Mary A. Keefe and Margaret M. Keefe, an Infant, by Mary A. Keefe, her Guardian ad Litem, Respondents, v. The Supreme Council of the Catholic Mutual Benefit Association, Appellant.— Judgment and order affirmed, with costs. All concurred, except Laughlin, J., not sitting.

John Peirce, Appellant, v. Sarah Peirce, as Executrix, etc., of George Peirce, Deceased, Respondent. — Judgment affirmed, with costs. All concurred.

Austin Land Company, Appellant, v. Max W. Steffen and Others, Respondents.— Judgment affirmed, with costs to respondent Koch. All concurred.

Bertha Albring, as Administratrix, etc., v. The New York Central and Hudson River Railroad Company.— Order amended so as to read: Order appealed from reversed solely upon the ground that the evidence in the case was not sufficient to take the case to the jury upon the question of the absence of contributory negligence, and the question of the negligence of the defendant having caused the injury. We have examined all the facts in the case and find no error therein, assuming that they were sufficient to authorize a submission to the jury upon the two issues above specified. All concurred, except McLennan, J., who dissents upon the ground that the order which we are asked to amend correctly discloses the grounds upon which the case was decided.

In the Matter of the Proceedings to Disbar Peter M. Sullivan.— Ordered, that the said Sullivan be and he is hereby suspended from the practice of his profession as attorney and counselor at law until the further order of this court. All concurred.

In the Matter of the Application of W. L. Saunders, Appellant, for an Order Revoking and Canceling Liquor Tax Certificate No. 26,267, Granted to Henry Garnsey, Respondent. — Order affirmed, with costs. All concurred.

John J. Stephens, Appellant, v. New York, Ontario and Western Railway Company, Respondent.—Judgment and order affirmed, with costs. All concurred, except Laughlin, J., dissenting.

Fitzhugh A. Cheesebro, Respondent, v. Anna Corning, Appellant.—Judgment and order affirmed, with costs. All concurred, except McLennan, J., who dissented.

William P. Taylor, as Receiver of the Buffalo Ice Company, Appellant, v. 'Citizens' Ice Company, Respondent.—Judgment affirmed, with costs. All concurred.

Mary Dowd, as Administratrix, etc.. Respondent, v. New York, Ontario and Western Rail-

61 612 / Case 9 / a171 NY 670

61 612 / Case 11 / a172 NY 285

61 612 / Case 1 / a170 NY 618

61 612 / Case 7 / a170 NY 590

61 612 / Case 7 / 73 485

61 612 / Case 7 / e 79 388 / j 79 390 / j 79 392 / j 79 393 / j 79 394 / j 79 395

61 612 / Case 21 / a170 NY 459

61 612 / Case 19 / a172 NY 626